UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DeMARCUS YOUNG,

    Plaintiff,                            Hon. Janet T. Neff

v.                                             Case No. 1:11-CV-172

DUSTIN ANDERSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. #17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

### BACKGROUND

        The following allegations are contained in Plaintiff's unverified amended complaint. (Dkt. #3). On August 7, 2010, Corrections Officer Anderson conducted a "shake-down/pat-down" search of Plaintiff. In the process of conducting this search, Anderson "rubbed and fingered the crack of [Plaintiff's] butt." Plaintiff alleges that Anderson's conduct violated his Fourth Amendment right to be free from unreasonable search and seizure, as well as his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff initiated this action seeking monetary and injunctive relief. Defendant Anderson now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere

allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.  **Fourth Amendment**

Plaintiff asserts that the aforementioned search violated his Fourth Amendment rights. The Fourth Amendment to the United States Constitution protects individuals from *unreasonable* searches and seizures conducted by government officials or agents. *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979) ("[t]he Fourth Amendment prohibits only unreasonable searches"); *see also*, *United States v. Warfield*, 404 Fed. Appx. 994, 997 (6th Cir., Jan. 3, 2011) (same). As the Supreme Court has indicated:

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Id.* at 559.

Pursuant to Michigan Department of Correction Policy, "department employees have authority to conduct a patdown search or clothed body search of a prisoner at any time." Michigan Department of Corrections, Policy Directive 04.04.110 at ¶ O (eff. July 19, 2010). In support of his motion for summary judgment, Defendant Anderson has submitted an affidavit in which he asserts that

on August 7, 2010, he "did conduct a clothed body search of [Plaintiff]." (Dkt. #18, Exhibit B). Defendant Anderson asserts that pursuant to this search he "put my thumbs on the inside of [Plaintiff's] pants and run my hands around the belt loop." Anderson further asserts, however, that "I never put my hands down [Plaintiff's] pants nor did I touch his buttocks." *Id.*

Plaintiff has failed to respond to the present motion or otherwise submit evidence in response thereto. Thus, there exist no factual disputes concerning this particular claim. Considering the evidence submitted by Defendant Anderson, in light of the aforementioned factors, the Court is easily persuaded that the challenged search was reasonable under the Fourth Amendment. The scope of the search was limited and the manner in which it was conducted was reasonable. There is neither allegation nor evidence that the search was initiated for an improper purpose. Rather, as Defendant Anderson asserts the search was conducted pursuant to MDOC policy. Finally, there is neither allegation nor evidence that the search was conducted in a location that would render such unreasonable. Accordingly, the undersigned recommends that Defendant is entitled to summary judgment as to Plaintiff's Fourth Amendment claim.

**II.        Eighth Amendment**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Id.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). Such standards "always are violated" when "prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Nevertheless, not every "malevolent touch" by a prison guard implicates the Eighth Amendment. *Id.* The prohibition against cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10.

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

In addition to asserting that he is entitled to summary judgment, Defendant asserts that Plaintiff's allegations fail to state a claim on which relief may be granted. Specifically, Defendant asserts that Plaintiff's allegations, even if accepted as true, fail to establish that the harm he suffered was

sufficiently serious to implicate the Eighth Amendment. The Court recognizes that isolated incidents of "harassment and touching" do not implicate the Eighth Amendment. *See, e.g., Jackson v. Madery*, 158 Fed. Appx. 656, 661-62 (6th Cir., Nov. 17, 2005) (allegations that guard violated prisoner's rights "by rubbing and grabbing [prisoner's] buttocks in a degrading and humiliating manner" does not implicate the Eighth Amendment); *Boddie v. Schneider*, 105 F.3d 857, 860-62 (2d Cir. 1997) (allegations of "a small number of incidents in which [prisoner] allegedly was verbally harassed, touched, and pressed against without his consent" do not implicate the Eighth Amendment). It is equally well recognized, however, that "sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Boddie*, 105 F.3d at 861.

The Court recognizes that the distinction between sexual abuse and less serious types of conduct may sometimes be difficult to discern. Nevertheless, interpreting Plaintiff's pro se allegations liberally and in his favor the Court concludes that while it may be a close call, Plaintiff's allegations state a claim on which relief may be granted. Defendant is nevertheless entitled to relief because the unrefuted evidence detailed above establishes that Anderson is entitled to summary judgment. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's Eighth Amendment claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #17), be **granted** and this matter **terminated**. The undersigned further

recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 29, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge