UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeMARCUS YOUNG,

       Plaintiff,                           Hon. Janet T. Neff

v.                                          Case No. 1:11-CV-172

DUSTIN ANDERSON,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Injunction. (Dkt. #23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action on February 15, 2011, against Corrections Officer Dustin Anderson. In his amended complaint, Plaintiff alleges that Anderson sexually assaulted him during a "shake-down/pat-down" search. Plaintiff alleges that Anderson's conduct violated his Fourth and Eighth Amendment rights. The undersigned recently recommended that Defendant Anderson is entitled to summary judgment. Plaintiff now requests injunctive relief. Specifically, Plaintiff seeks an order compelling certain unidentified individuals to return to Plaintiff unspecified legal "work." Plaintiff also requests that the Court transfer him to a different facility and order certain unidentified individuals to stop retaliating against him.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Aside from requesting an injunction against Defendant's "co-workers," Plaintiff has failed to identify the individual(s) against whom he is seeking relief. Plaintiff has not presented evidence that he is likely to prevail on any particular claim or that he is likely to suffer irreparable harm in the absence of relief. Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence

supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Injunction, (dkt. #23), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 13, 2012                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge