UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeMARCUS YOUNG,

    Plaintiff,

v

DUSTIN ANDERSON,

    Defendant.
_____/

Case No. 1:11-cv-172

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was the victim of a sexual assault when Defendant Anderson, a corrections officer, "grope[d], rubbed and fingered the crack of [Plaintiff's] butt," inside his underwear, during a "shake-down/pat-down" at the Bellamy Creek Correctional facility, in violation of the Fourth Amendment (unreasonable search and seizure) and the Eighth Amendment (cruel and unusual punishment) (Dkt 3). Defendant filed a Motion for Summary Judgment, arguing that Plaintiff's allegations were untrue, as averred in Anderson's attached affidavit, and moreover, they did not rise to the level of constitutional violations. Plaintiff thereafter filed a motion for an injunction, alleging that Defendant's co-workers "took" his legal work, and requesting that the Court order them to return it and stop "retaliating against him" for filing this suit (Dkt 23). The motions were referred to the Magistrate Judge, who recommended that Defendant's Motion for Summary Judgment be granted; Plaintiff's Motion for Injunctive Relief be denied; and this case be terminated.

The matter is presently before the Court on Plaintiff's Objection (Dkt 26) to the Magistrate Judge's Report and Recommendation (R & R) (Dkt 25) on Defendant's Motion for Summary Judgment (Dkt 17), and Plaintiff's Objection (Dkt 30) to the Magistrate Judge's R & R (Dkt 29) on Plaintiff's Motion for Injunction (Dkt 23). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of each Report and Recommendation to which objections have been made. Having fully considered the Objections, Response (Dkt 27), and Reply (Dkt 28), the Court denies the Objections, grants Defendant's Motion for Summary Judgment, denies Plaintiff's Motion for Injunction, and issues this Opinion and Order.

**I. Objection to Report and Recommendation (Dkt 25) on Defendant's Motion for Summary Judgment**

The Magistrate Judge recommended that summary judgment be granted because Plaintiff failed to file a response to Defendant's Motion for Summary Judgment (Dkt 25 at 5), and thus the undisputed facts established by Anderson's affidavit required a conclusion that he conducted a reasonable search in accordance with Michigan Department of Corrections (MDOC) policy (*id.* at 4-5). Likewise, the unrefuted evidence, based on the same facts, showed no Eighth Amendment violation (*id.* at 6-7).

In his Objection to the R & R, Plaintiff asserts that it is untrue that he did not respond to Defendant's Motion for Summary Judgment, and he "strongly believe[s]" that "correctional officers at Bellamy Creek Correctional Facility (IBC) have intercepted [his] legal responses" (Dkt 26 at 1). He further alleges that he has "been getting retaliated against" by correctional officers, who have withheld his legal mail, destroyed his legal work, and failed to return his copies (*id.*), as alleged in

his Motion for Injunction.

The Court finds Plaintiff's Objection without merit. As noted in Defendant's Response to Plaintiff's Objection (Dkt 27), Plaintiff has provided nothing to substantiate his allegations that correctional officers tampered with his legal mail or that they "retaliated against him,"[1] and the factual circumstances support a contrary conclusion given MDOC mail procedures and the fact that Plaintiff's other documents have been received by the Court, including his Complaint, Amended Complaint, and Objections (Dkt 26 at 2-4). Furthermore, Plaintiff did not attach a copy of the response or state the substance of his response in his Objection (*id.*). As discussed below with respect to his Motion for Injunction, Plaintiff has failed to provide any information to substantiate his claim that unidentified coworkers of Defendant intercepted his response or retaliated against him. He otherwise fails to offer any substantive grounds for objecting to the R & R. His Objection is therefore denied.

In his Objection, Plaintiff additionally asks that the Court appoint a lawyer to represent him, in part to prevent the corrections officers from intercepting his legal responses and retaliating against him (Dkt 26). Plaintiff previously requested counsel (Dkt 4), and his request was properly denied (Dkt 9). Plaintiff has shown no changed circumstances warranting the appointment of counsel. Therefore, his request for an attorney is again denied.

**II. Plaintiff's Objection to Magistrate's Report and Recommendation (Dkt 29) on Plaintiff's Motion for Injunction**

Plaintiff objects to the Magistrate Judge's recommendation that his Motion for Injunction

---

[1] Plaintiff attaches his purported "affidavit," which is merely an unsworn, unnotarized repetition of his statements in his Objection.

be denied (Dkt 30), again alleging that unidentified co-workers of Defendant are "intercepting Plaintiff's legal mail" related to the case (*id.* at 1).  Plaintiff states that he mailed a "motion in opposition"[2] to Defendant's Motion for Summary Judgment, "which never got to the Court[]" because it was intercepted by Defendant's coworkers (*id.*).  As discussed above, Plaintiff fails to provide any support for his broad allegations.  In the R & R, the Magistrate Judge correctly noted that Plaintiff does not identify the individuals against whom he is seeking relief, nor does he present evidence that he is likely to prevail on any particular claim or that he is likely to suffer irreparable harm (Dkt 29 at 2).  Moreover, the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility absent any evidence in support of such.  The Magistrate Judge properly recommended the denial of Plaintiff's motion for injunctive relief (*id.* at 3). Accordingly, Plaintiff's Objection is denied.

### III. Conclusion

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Therefore:

---

[2] Plaintiff's Objection (Dkt 30) and Reply (Dkt 28) both reference his "motion in opposition" and his proof of mailing of the same, but it is unclear whether this document was in fact a response to Defendant's Motion for Summary Judgment.  Plaintiff's proofs of mailing attached to his Reply do not establish which documents were received for mailing, and the docket reflects that a brief for a different motion was filed by Plaintiff during the same time frame.

**IT IS HEREBY ORDERED** that the Objection (Dkt 26) is DENIED and the Report and Recommendation (Dkt 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 17) is GRANTED.

**IT IS FURTHER ORDERED** that the Objection (Dkt 30) is DENIED and the Report and Recommendation (Dkt 29) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction (Dkt 23) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: September 21, 2012                         /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge